## MILLER v. MANICE, 6 Hill, 114.

Not reported in S. Ct.

### Evidence; Estoppel; Record of Former Suit.

THE plaintiffs in error brought an action of trover for three promissory notes, drawn by them and made payable to the order of Manice, Phelps, and Co., of whom Manice the defendant was one. The declaration also contained counts, alleging that the notes were procured by fraud and false pretenses, and that the plaintiffs had been obliged to pay them. Plea, general issue.·

On the trial of the cause, the plaintiffs proved substantially that Phelps, one of the firm, had obtained the three notes from them by representing that he could procure a loan for them at 6 per cent. on their notes; but instead of procuring the loan he delivered the notes to one Bullock, in payment of a loan he had previously made to Phelps, on the checks of his firm. The plaintiffs claimed that the notes were obtained and used for the joint benefit of Phelps and Manice, and that the latter had actually participated in the fraud.

On the defence, Manice offered in evidence the record of a former recovery in an action brought by the plaintiffs against himself, Phelps and Foote, as partners, claiming that it formed a bar to this suit. This was objected to by the plaintiffs, as inadmissible under the general issue, but the objection was overruled, and the decision excepted to. That suit was an action of assumpsit, for money paid, &c., against the three for the amount of the notes paid by the plaintiffs, but Manice only was served with process, and alone appeared and defended. At the trial of that cause, the plaintiffs sought to recover for the amount paid by them on the three notes for which trover was now brought, as well as for another note which they had taken up. The Superior Court charged the jury that if they believed the three notes then in question, were endorsed by Phelps, in the name of his firm, to be negotiated for the benefit of the plaintiffs, and that neither the notes nor the proceeds came to the benefit of the defendants Foote and Manice, and that Manice and Foote had no agency in any fraudulent representations to the plaintiffs, the

defendants were not liable. The verdict was in favor of Miller and Co. for the amount of the *one* note not in suit here but disallowed the claim as to those three notes, for which this suit is brought.

The Circuit Judge charged the jury that the effect of the record of the prior judgment was a question of law, and that in law it was a complete bar to a recovery in this suit. Verdict for Manice, and motion for a new trial on the bill of exceptions denied by the Supreme Court.

The Court of Errors, however, reversed their decision, and held that the record was not a *conclusive bar* when offered in evidence under the general issue, though admissible under it.

Chancellor Walworth, who delivered an opinion in favor of *reversal*, says: p. 125,

"The general rule however, unquestionably is that where the party in whose favor the former verdict and judgment were rendered, wishes to rely on them as a conclusive bar, or an estoppel, he must plead them in bar, if he has an opportunity to do so. And if he neglects to plead, and puts the same matter again in issue to be tried, the jury may decide such issue according to the right and justice of the case as it appears to them from the evidence, notwithstanding the verdict and judgment in the former suit. The judge therefore who tried this cause was wrong, in holding that the record of the verdict and judgment formed an absolute bar where the defendant might have pleaded it as an estoppel, if the former suit was for the same matter.

"For these reasons," he says, "the law as well as the justice of the case is with the plaintiff in error, and the judgment of the court below should be reversed."

Putnam, senator, delivered an opinion in favor of *affirmance*, reviewing the cases on the subject.

Judgment of Supreme Court *reversed*, 14 to 5.